FILED

2020 Feb-05  PM 04:19
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| Terry Billups, | ) | |
| | ) | |
| Plaintiff. | ) | Civil Action No.: |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Brothers Recycling | ) | |
| Company, Inc., and | ) | |
| Daveco, Inc. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

 **COMES NOW** the Plaintiff, Terry Billups, ("Plaintiff") by and through his undersigned counsel, and hereby files this Complaint against Brothers Recycling Company, Inc. and Daveco Inc., ("Defendant") and seeks redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of the Defendants. Plaintiff has been discriminated against by the Defendants on account of Plaintiff's race in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e _et seq,_** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful employment acts alleged herein took place within the Southern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff Terry Billups, an African American male, is domiciled in the state of Alabama.

5. At all relevant times the Plaintiff was an "employee" of the Defendant under Title VII.

6. The Defendant Brothers Recycling Company, Inc., is a domestic corporation with its principal place of business in Birmingham, Alabama.

7. The Defendant Daveco, Inc., is a domestic corporation with its principal place of business in Birmingham, Alabama.

8. Defendant Brothers and Defendant Daveco are hereinafter collectively referred to as "Defendant."

9. At all relevant times, Defendant was an "employer" under Title VII

10. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

11. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: that on or about the 30th day of May 2019 Plaintiff caused a charge of discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

12. A Notification of Right to Sue letter was received, and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

13. Plaintiff began working with Defendant Brothers on or about September 3, 2010 as a cashier.

14. Brothers is owned by David and Jason Stein.

15. David and Jason Stein also own and operate Defendant Daveco.

16. David and Jason Stein regularly pay Brothers employees with a check from Daveco.

17. However, the money for the Daveco account is transferred from a Brothers bank account.

18. Plaintiff was told that he was hired by Brothers when he initially started his job.

19. Further, Plaintiff worked under the operation of Brothers.

20. Plaintiff wore a Brothers Recycling logo on his shirt at work.

21. The only interaction Plaintiff had with Daveco was when he would receive a check with the Daveco name on it, everything else was under the Brothers name and direction.

22. Brothers and Daveco are joint employers for the Plaintiff.

23. Plaintiff was terminated on or about December 17, 2018.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Hostile Work Environment)

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 above, as if fully set out herein.

25. The Plaintiff is African American and a member of a protected class.

26. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. as Defendant has engaged in the practice of a hostile work environment against Plaintiff.

27. Plaintiff was employed with the Defendant beginning in 2010.

28. Around August of 2013 Matthew Benson, a co-employee, asked Plaintiff where he got his hair cut.

29. Matthew Benson then made the comment that he wanted to take his dog there to get a haircut.

30. Plaintiff perceived this is a racially motivated comment comparing him to a dog.

31. Around April 2015, Plaintiff's aunt passed away and he asked for one day off for bereavement.

32. Plaintiff was denied this request and a short time after a white employee was given 3 days off for bereavement.

33. Sometime after April of 2015, Plaintiff was locked in a room with all white employees, and he felt threatened for his physical safety.

34. Around September 14, 2018 Jason Stein, an owner of the Defendant company, became verbally confrontational with Plaintiff and yelled "shut up boy."

35. Plaintiff perceived being called a "boy" as a racially motivated term.

36. Jason Stein did not become verbally confrontational with white employees.

37. Around October of 2018 David Stein told Plaintiff that his brother Jason Stein and his wife feel that they "can say or do anything they want" to Plaintiff because they were paying him.

38. Throughout his tenure with Defendant Plaintiff was subjected to being called "nigger" by a customer that is friends with the Steins, who own the Defendant company.

39. Plaintiff informed the Steins about this, but nothing was done to correct the issue.

40. From September 24, 2018 through December 17, 2018 Plaintiff would attempt to speak to Jason Stein by saying good morning.

41. Jason Stein would walk directly past Plaintiff and say good morning to other white employees completely ignoring the black employees and the Plaintiff.

42. Plaintiff was unable to fully complete his essential job function due to being subjected to a hostile work environment based on his race that was severe and pervasive and the terms of his employment were altered due to the constant verbal and mental abuse, and physically threatening environment he was subjected to, which white employees were not subjected to.

43. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

44. Plaintiff has suffered and continues to suffer, emotional distress, loss of self-esteem, lost wages, and other damages as a direct result of Defendant's unlawful discrimination.

## **Count II**

## **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-3(a)**

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-23 above, as if fully set out herein.

46. On or about September 24, 2018 Plaintiff was explaining a business situation to David Stein, another owner of the Defendant company.

47. Plaintiff informed David Stein that he had contacted the EEOC regarding the racially motivated environment he had been subjected to.

48. David Stein's response was "I need to fire you right now."

49. On or about September 24, 2018 Plaintiff began to participate in a protected activity when he contacted the EEOC in an effort to begin the process for filing a good faith charge of discrimination against the Defendant with the EEOC.

50. After informing David Stein of his call to the EEOC Plaintiff began to be treated differently.

51. Specifically, he was subjected to verbal and mental abuse that other employees who had not called the EEOC were not subjected to.

52. In addition to the verbal and mental abuse Plaintiff was stripped of job duties in September of 2018 after he made the comment regarding the EEOC.

53. Specifically, he was stripped of safety training and payroll services

54. Plaintiff had been performing these duties since around September of 2010.

55. On or about December 17, 2018 Plaintiff was terminated.

56. This termination and stripping of job duties was a direct retaliation to Plaintiff informing David Stein about contacting the EEOC to begin the process for filing an EEOC charge on September 24, 2018.

57. None of the adverse employment actions and/or events described within above occurred until after Plaintiff informed David Stein of his contact with the EEOC regarding the process for filing of an EEOC charge of discrimination on or about September 24, 2018, giving a causal connection between the adverse employment action or events and the protected activity.

58. Defendant intentionally discriminated against Plaintiff by retaliating against him for participating in a protected activity.

59. Defendant's retaliatory action against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

60. Plaintiff has suffered and continues to suffer, emotional distress, loss of self-

esteem, lost wages, and other damages as a direct result of Defendant's unlawful retaliation.

## **PRAYER FOR RELIEF FOR ALL COUNTS**

**WHEREFORE,** Plaintiff prays that this Honorable Court will:

A. A declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E. Order Defendant to pay Plaintiff punitive damages for its malice or reckless indifference to Plaintiff's federally protected rights described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

*/s/Travis A. McCormick*
Travis A. McCormick
ASB-1124-S83T
Attorney for Plaintiff
The McCormick Firm
175 Lakeside Dr.
Odenville, AL 35120
205-215-0532
tmccormick@themccormickfirm.com

## CLERK: PLEASE SERVE VIA CERTIFIED MAIL:

Brothers Recycling Company, Inc.
C/O David Alan Stein
5432 Old Leeds Rd
Birmingham, AL 35210

Daveco, Inc.
C/O David Alan Stein

1620 Vanderbilt Rd
Birmingham, AL 35234